UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER MCGANDY,<br><br>                     Plaintiff,<br>    v.<br><br>CARLOS DEL TORO,<br><br>                     Defendant. | CASE NO. 3:21-cv-05846-DGE<br><br>ORDER ON MOTION BY CHARLES C. JOHNSON TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF PETER MCGANDY |

      Presently before the Court is a motion by Chalmers C. Johnson to withdraw as counsel of record for Plaintiff Peter McGandy. (Dkt. No. 20.) Johnson contends McGandy discharged him as counsel on April 21, 2023. (*Id*.)

      Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a

certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

Notably, Washington State Court Rule 1.16(a)(3) of Professional Conduct states, "[A] lawyer shall … withdraw from representation of a client if … the lawyer is discharged." Rule of Professional Conduct 1.16(d) provides further guidance when terminating representation:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another legal practitioner, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

Johnson has filed a motion to withdraw pursuant to Local Civil Rule 83.2(b)(1). (Dkt. No. 20 at 3–4.) Johnson has certified that the motion was served on Plaintiff and opposing counsel. (*Id*. at 6.) Because Johnson is Plaintiff's sole counsel, Johnson's withdrawal will leave Plaintiff unrepresented; Johnson has included McGandy's address and telephone number in the motion as required by Local Civil Rule 83.2(b)(1). (*Id.* at 2.) Defense counsel does not object to Johnson's motion to withdraw. (*Id.* at 5.) Johnson filed his motion to withdraw on April 24, 2023; the discovery deadline in this case was June 12, 2023. (Dkt. Nos. 18, 20.) However, because Plaintiff discharged Johnson on April 21, 2023, Johnson could not have filed his motion within sixty days of the discovery cutoff.

Plaintiff objects to Johnson's motion to withdraw. (Dkt. No. 24.) Plaintiff states he is dissatisfied with Johnson's overall handling of his case, alleging, among other things, unfulfilled promises, a lack of strategic case discussions, insufficient counseling at key stages, and an overall lack of communication. (*Id*.) Plaintiff objects to the quality of Johnson's representation,

but does not present an argument that would prevent Johnson from withdrawing as counsel. Under Rule 1.16, an attorney *shall* withdraw as counsel when discharged by their client; Johnson has certified that McGandy terminated the attorney–client relationship by email on April 21, 2023. (*Id*.) Johnson also provided McGandy with a copy of the motion, as well as copies of Local Rule 83.2 and Local Rule 7 to ensure Plaintiff is aware of his right to respond and the associated deadlines. (*Id*. at 6.)

The Court finds Johnson has complied with the requirements set forth in Local Civil Rule 83.2(b)(1) and Washington State Court Rule 1.16 of Professional Conduct. Accordingly, the Court, having considered the Motion to Withdraw as Counsel of Record for McGandy, hereby GRANTS leave for the requested withdrawal.

Johnson's Motion to Stay the Case (Dkt. No. 21) is MOOT. Trial in this case is currently scheduled for October 10, 2023. (Dkt. No. 18.) Plaintiff, who is now unrepresented, will require additional time to secure new counsel or proceed pro se if he elects to do so. Therefore, the Court STRIKES all pending deadlines and orders the parties to appear at a status conference on **June 23, 2023 at 9:00 AM via Zoom.**

Dated this 20th day of June 2023.

David G. Estudillo
United States District Judge

ORDER ON MOTION BY CHARLES C. JOHNSON TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF PETER MCGANDY - 3